NASHUA & LOWELL RAILROAD CORPORATION and others *v.* BOSTON & LOWELL RAILROAD CORPORATION and others.

*(Circuit Court, D. Massachusetts.   August 27, 1881.)*

1. JURISDICTION—CITIZENSHIP—RAILROAD CHARTERED IN EACH OF TWO STATES.
    A railroad corporation which extended into two states, and was originally chartered in each state, and subsequently consolidated by law in both states, does not thereby lose its separate citizenship in each state, so as to preclude it from maintaining an action in the federal court against another corporation, created and existing solely under the laws of one of the two states, where the declaration shows that the plaintiff sets out its corporate existence as derived from the other of said two states.

This bill in equity was brought by the Nashua & Lowell Railroad Corporation, which is alleged to be a citizen of New Hampshire, and other citizens of that state, against the Boston & Lowell Railroad Corporatic   and others, citizens of Massachusetts.   It appears that the plaintiff corporation is a joint or consolidated corporation, operating a continuous line of railroad, which lies partly in Massachusetts and partly in New Hampshire, and is formed by the union of two distinct corporations, each having the same name, chartered under the laws of the two states.   The defendants filed a plea to the jurisdiction.   It was denied that the court had jurisdiction, for the reason that the suit does not involve a controversy between citizens of different states.   The question was argued some time since.

*F. A. Brooks,* for plaintiff.

*J. G. Abbott* and *S. A. B. Abbott,* for defendant.

NELSON, D. J., *(orally.)*   This case was argued, at the last October term of this court, upon the plea of the defendant to the jurisdiction of the court and an agreement of the facts.

Judge Lowell, C. J., then took the papers for the purpose of decision, but soon afterwards was in some way led to suppose that the case had been adjusted between the parties, and so gave it no further consideration.   Shortly before he went abroad he was informed that the case had not been adjusted, and he left it with me for determination, so that the decision now to be announced has been reached by myself alone.

The Nashua & Lowell Railroad Company was separately chartered under the laws of New Hampshire and Massachusetts, and the two corporations so created were afterwards consolidated by law in both states.   It has been settled by the supreme court of the United States that corporations created by different states and afterwards

consolidated, do not become a single corporation for all purposes; but while they may for some purposes be treated as a single corporation, yet for other purposes they remain separate and distinct corporations.

In this case it seems that the defendant corporation might go into New Hampshire and there sue the plaintiff, as a New Hampshire corporation, in the federal court, although it could not bring such suit in the district of Massachusetts against the New Hampshire corporation, because no service upon the New Hampshire corporation as such could be got in this district, if for no other reason. It has been determined by Judge Lowell that in some cases non-resident corporations may be served with process from United States courts in other districts than those in which they were chartered, and where they are found to be doing business, or domiciled. But this rule would not, we suppose, extend to a case like the present.

If the defendant could sue the plaintiff in the federal court for New Hampshire, notwithstanding the fact of the plaintiff being chartered under the laws of both states, there would seem to be no good reason why the plaintiff, claiming under its New Hampshire charter, should not be allowed to sue the defendant in the federal court for Massachusetts, as it would be impossible for the defendant in such case to deny the title of the plaintiff as predicated upon the New Hampshire charter, or to deprive the plaintiff of the benefit of its New Hampshire citizenship thus acquired.

I am aware that a different conclusion seems to have been reached in a case* decided in the eastern district of Pennsylvania, but am not able to concur in the views taken in that case. The defendant's plea to the jurisdiction is therefore overruled.

*The case here referred to is *Johnson* v. *Phil., Wil. & B. R. R.*, and is briefly reported in 1 Am. Law Rev. 457.